# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| VINCENT LAWRENCE ROBERTS,<br><br>                Plaintiff,<br><br>     v.<br><br>FAIRBANKS CORRECTIONAL CENTER and Anchorage Correctional Complex,<br><br>                Defendants. | Case No. 4:25-cv-00049-SLG |

## SCREENING ORDER

On October 21, 2025, self-represented prisoner Vincent Lawrence Roberts ("Plaintiff") filed a civil complaint and request for exemption from the payment of the filing fee on a state court form.[1] Plaintiff's Complaint names the Fairbanks Correctional Center ("FCC") and the Anchorage Correctional Complex ("ACC") as Defendants. Plaintiff claims the Department of Corrections ("DOC") is overcrowded and houses more prisoners in each cell than the cell is intended to house. Plaintiff also claims that prisoners who are housed in segregation are not provided with one hour of news time and that indigent prisoners are not provided with free copies of legal documents or free postage to mail out their legal filings.[2] Plaintiff claims his constitutional rights are being violated, and he cites to DOC Policies and

---

[1] Dockets 1-2.

[2] Docket 1 at 3.

Procedures that he alleges are not being followed.[3] For relief, Plaintiff seeks $750,000 in damages and an order directing Defendants to stop violating his rights.[4]

On December 14, 2025, Plaintiff filed documents in support of his claims.[5] The Court does not consider the additional issues contained in that filing, as that is not proper procedure to amend a complaint.[6]

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, the Complaint fails to adequately state a claim for which relief may be granted. Therefore, the Complaint is DISMISSED. However, Plaintiff is accorded **60 days** from the date of this order to file an amended complaint that attempts to correct the deficiencies identified in this order. Alternatively, Plaintiff may file a notice of voluntary dismissal in which he elects to close this case.

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes

---

[3] Docket 1 at 5.

[4] Docket 1 at 5.

[5] DOC Grievances Policies and Procedures ("P&P") require prisoners to seek written informal resolution through the Request for Interview Form "RFI" (Form 808.11a) before filing a formal grievance. DOC P&P 808.03(VII)(A).

[6] Rule 15(a) of the Federal Rules of Civil Procedure governs the process for amending pleadings. A plaintiff may amend a complaint (1) within 21 days after service or within 21 days of a responsive pleading or a motion under Federal Rule of Civil Procedure Rules 12(b), (e), or (f); (2) with the opposing party's consent, or (3) with a court's permission.[6] Additionally, the Local Civil Rule 15.1 governs this Court's practice for amending pleadings: "The proposed amended pleading must not incorporate by reference any prior pleading, including exhibits."

Case No. 4:25-cv-00049-SLG, *Roberts v. FCC, et al.*
Screening Order
Page 2 of 20
Case 4:25-cv-00049-SLG    Document 5    Filed 02/10/26    Page 2 of 20

judicial notice[7] of the many other cases Plaintiff has recently filed in federal court.[8]

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[9] In this screening, a district court shall dismiss the complaint at any time if the court determines that the complaint:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks relief against a defendant who is immune from such relief.[10]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to the self-represented plaintiff, and resolve all doubts in the plaintiff's favor.[11] However, a court is not required to accept as true conclusory allegations,

---

[7] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); *See also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal citations and quotation marks omitted).

[8] The Court's online docket records may be accessed by the public online at pacer.uscourts.gov or without a PACER login and password at the Clerk's office during regular business hours.

[9] 28 U.S.C. §§ 1915, 1915A.

[10] 28 U.S.C. § 1915(e)(2)(B).

[11]*Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant

Case No. 4:25-cv-00049-SLG, *Roberts v. FCC, et al.*
Screening Order
Page 3 of 20
Case 4:25-cv-00049-SLG    Document 5    Filed 02/10/26    Page 3 of 20

unreasonable inferences, or unwarranted deductions of fact.[12] Although generally, the scope of review is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[13] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[14]

Before a court may dismiss any portion of a complaint, a court must provide a self-represented plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[15] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[16]

### I. This action is deficient because Plaintiff did not include a fully completed Application to Waive Prepayment of the Filing Fee on the Court's form or a statement from his prison trust account for the past six months

To properly commence a civil action, a prisoner litigant must file a complaint,

---

the benefit of any doubt).

[12] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001).

[13] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[14] *Sprewell,* 266 F.3d at 988 (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[15] *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987) ("Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors.").

[16] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted).

Case No. 4:25-cv-00049-SLG, *Roberts v. FCC, et al.*
Screening Order
Page 4 of 20
Case 4:25-cv-00049-SLG     Document 5     Filed 02/10/26     Page 4 of 20

a civil cover sheet, and either pay the filing fee of $405.00, or file a completed application to waive prepayment of the filing fee on the District of Alaska's Form PS10.[17] Prisoner litigants must also include a statement from their prison trust account for the past six months.[18] Federal law only allows prisoners to waive *prepayment* of the fees associated with civil lawsuits.[19] Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[20] Should Plaintiff proceed with this lawsuit and sufficiently plead a claim for relief in an amended complaint, the Court will issue a separate order to collect the filing fee from Plaintiff's prisoner trust account.

Plaintiff's motion to waive the filing fee at **Docket 2 is DENIED** because it is not on the proper form and does not include the prisoner trust account statement. If Plaintiff elects to proceed with this case, then or before the date an amended complaint is filed, Plaintiff must also file a fully completed and signed Prisoner Application to Waive Prepayment of the Filing Fee on District of Alaska Form PS10 and attach a copy of the statement for the last six months of Plaintiff's prisoner trust account. Alternatively, Plaintiff may pay the $350 filing fee and the $55 administrative fee, a total of $405, at this time.

---

[17] Local Civil Rule 3.1.

[18] Local Civil Rule 3.1(c)(3).

[19] 28 U.S.C. § 1915(a)-(b).

[20] 28 U.S.C. § 1915(b)(1), (2).

Case No. 4:25-cv-00049-SLG, *Roberts v. FCC, et al.*
Screening Order
Page 5 of 20
Case 4:25-cv-00049-SLG    Document 5    Filed 02/10/26    Page 5 of 20

## II. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[21] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[22] Although a federal court must construe complaints filed by self-represented plaintiffs filings liberally, a court cannot act as an attorney for a self-represented litigant, such as by supplying the essential elements of a claim.[23] A complaint must allege that the plaintiff suffered a specific injury as a result of the conduct of a particular defendant, and it must allege an affirmative link between that specific injury and the conduct of that defendant.[24]

Further, multiple defendants must not be joined in a single action unless the claims asserted against the defendants arise "out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or

---

[21] Fed. R. Civ. P. 8(a)(2).

[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[23] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[24] *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).

Case No. 4:25-cv-00049-SLG, *Roberts v. FCC, et al.*
Screening Order
Page 6 of 20
Case 4:25-cv-00049-SLG   Document 5   Filed 02/10/26   Page 6 of 20

fact common to all defendants will arise in the action."[25] Unrelated claims against different defendants must be filed in separate lawsuits.

### III. Plaintiff can only represent his own interests

A non-attorney self-represented litigant can represent only his own interests,[26] and has "no authority to appear as an attorney for others than himself."[27] To the extent Plaintiff is attempting to assert that the rights of other inmates have been violated, the Complaint is deficient. Any amended complaint must seek only relief from injuries that Plaintiff himself alleges he has suffered.

### IV. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statute.[28] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[29] To be deprived of a right, the defendant's action must either violate a right guaranteed by the Constitution or

---

[25] Fed. R. Civ. P. 20(a)(2).

[26] 28 U.S.C. § 1654.

[27] *See Simon v. Hartford Life, Inc.,* 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity); *Cato v. United States,* 70 F.3d 1103, 1105 n.1 (9th Cir. 1995) (non-attorney party may not represent other plaintiffs).

[28] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[29] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Case No. 4:25-cv-00049-SLG, *Roberts v. FCC, et al.*
Screening Order
Page 7 of 20
Case 4:25-cv-00049-SLG   Document 5   Filed 02/10/26   Page 7 of 20

an enforceable right created by a federal statute.[30] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[31]

### A. Plaintiff cannot bring claims against FCC or ACC

A defendant in a civil rights lawsuit must be a "person."[32] Further, the Eleventh Amendment to the U.S. Constitution protects states and state instrumentalities—the "arms of the state" such as the Alaska Department of Corrections ("DOC") and its facilities—from being sued in federal court unless the state has waived its immunity.[33] The State of Alaska has not waived its immunity for civil rights claims alleging violations of the federal Constitution in federal court.

FCC and ACC are prison facilities operated by DOC, and therefore, cannot be sued in federal court. Therefore, Plaintiff's Complaint is DISMISSED. However, Plaintiff is accorded leave to file an amended complaint that names the individual defendant(s) that Plaintiff is alleging personally violated Plaintiff's constitutional rights.

---

[30] *Gonzaga Univ. v. Doe,* 536 U.S. 273 (2002). *See also* Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[31] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[32] 42 U.S.C. § 1983.

[33] *Doe v. Regents of the Univ. of Calif.*, 891 F.3d 1147, 1153 (9th Cir. 2018); *Alabama v. Pugh,* 348 U.S. 781 (1978).

Case No. 4:25-cv-00049-SLG, *Roberts v. FCC, et al.*
Screening Order
Page 8 of 20
Case 4:25-cv-00049-SLG   Document 5   Filed 02/10/26   Page 8 of 20

### B. Plaintiff must name individual defendants

A person acting under the color of state law "'subjects' another to the deprivation of a constitutional right, within the meaning of Section 1983, if the person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[34] A supervisory government official can only be held individually liable under Section 1983 when the supervisor's own misconduct caused an alleged constitutional deprivation.[35] For a supervisor to be liable in his or her individual capacity under Section 1983, the supervisor must have personally participated in the constitutional violation, or there must be a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."[36]

### C. Conditions of Confinement

Plaintiff appears to be a pretrial detainee,[37] so his claims challenging his conditions of confinement must be brought under the Due Process Clause of the Fourteenth Amendment.[38] To state a Fourteenth Amendment conditions of confinement claim, a plaintiff must plausibly allege facts to support each of the

---

[34] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

[35] *See Iqbal*, 556 U.S. at 676, 677 ("Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct.").

[36] *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quotation omitted).

[37] Plaintiff's Complaint indicates he is "charged as a state prisoner." Docket 1 at 4.

[38] *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979).

Case No. 4:25-cv-00049-SLG, *Roberts v. FCC, et al.*
Screening Order
Page 9 of 20
Case 4:25-cv-00049-SLG   Document 5   Filed 02/10/26   Page 9 of 20

following elements for each named defendant. First, the defendant made an intentional decision regarding the conditions under which the plaintiff was confined. Second, the conditions of confinement put the plaintiff at substantial risk of suffering serious harm. Third, the defendant did not take reasonable available measures to abate or reduce the risk of serious harm, even though a reasonable correctional official under the circumstances would have understood the high degree of risk involved–making the defendant's conduct objectively unreasonable and the consequences of the defendant's conduct obvious. Fourth, by not taking such measures, the defendant caused the plaintiff's injuries. With respect to the third element, the defendant's conduct must be objectively unreasonable.[39]

"The Constitution 'does not mandate comfortable prisons,'"[40] and "conditions of confinement may be, and often are, restrictive and harsh[.]"[41] An alleged failure to follow a prison policy does not, standing alone, establish a federal constitutional violation.[42] A pretrial detainee must allege facts demonstrating that each defendant's acts or omissions deprived the plaintiff of "the minimal civilized

---

[39] *See* Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.34 (Particular Rights—Fourteenth Amendment—Pretrial Detainee's Claim re Conditions of Confinement/Medical Care) and the cases cited therein.

[40] *Farmer v. Brennan,* 511 U.S. 825, 832 (1994) (*quoting Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)),

[41] *Morgan v. Morgensen,* 465 F.3d 1041, 1045 (9th Cir. 2006).

[42] *See Case v. Kitsap County Sheriff's Dep't,* 249 F.3d 921, 930 (9th Cir. 2001) (*quoting Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) ("[T]here is no § 1983 liability for violating prison policy. [Plaintiff] must prove that [the official] violated his constitutional right ....").

Case No. 4:25-cv-00049-SLG, *Roberts v. FCC, et al.*
Screening Order
Page 10 of 20
Case 4:25-cv-00049-SLG     Document 5     Filed 02/10/26     Page 10 of 20

measures of life's necessities."[43] This requires the inmate to demonstrate "conditions posing a substantial risk of serious harm" that present an "excessive risk to [his] health or safety."[44]

Liberally construed, Plaintiff's Complaint contains three unrelated claims. And Plaintiff has not pleaded any facts demonstrating that he was personally injured by any of the conduct he objects to or that any specific correctional official acted in a way that was objectively unreasonable to Plaintiff. Therefore, Plaintiff's Complaint is DISMISSED for failure to state a claim.

### 1. Claims related to housing or segregation

Plaintiff claims prisoners in segregation are not provided with adequate living space. Plaintiff does not appear to have been housed in segregation himself but appears to be only a "concerned" fellow prisoner.[45] Therefore, Plaintiff fails to state a claim related to his housing. Although amendment is likely futile, Plaintiff is accorded leave to amend this claim. Any such claim must be solely with respect to Plaintiff's housing; it must describe the conditions of his housing; the dates of that housing; why that housing was constitutionally inadequate; and who was responsible for making the decision about Plaintiff's housing.

---

[43] *Farmer,* 511 U.S. at 834.

[44] *Farmer*, 511 U.S. at 834, 837.

[45] *See* Docket 1-1 at 4.

Case No. 4:25-cv-00049-SLG, *Roberts v. FCC, et al.*
Screening Order
Page 11 of 20
Case 4:25-cv-00049-SLG    Document 5    Filed 02/10/26    Page 11 of 20

### 2. Access to News

Plaintiff claims prisoners are not provided with "the one hour of news time" that he alleges is a requirement at all facilities.[46] It is unclear if Plaintiff himself was prevented him from watching the news, and if so, when the denial occurred, or how the denial amounts to a violation of his constitutional or federal rights. Further, the documents attached to Plaintiff's Complaint indicate that Plaintiff can "access the news" via television and can subscribe to a newspaper if he chooses.[47]

A prisoner retains only "those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system[,]" and there is no constitutional right to watch television in prison.[48] Even if there is a prison policy or regulation related to accessing the news, violating a prison policy does not amount to a constitutional violation on its own. Courts must accord prison officials with "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."[49]

---

[46] Docket 1 at 3-4.

[47] Docket 1-1 at 1.

[48] *Shaw v. Murphy,* 532 U.S. 223, 229 (2001). *See also Pell v. Procunier,* 417 U.S. 817, 822 (1974) ("[L]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.") (citations and internal quotation marks omitted).

[49] *Bell,* 441 U.S. at 547.

Case No. 4:25-cv-00049-SLG, *Roberts v. FCC, et al.*
Screening Order
Page 12 of 20
Case 4:25-cv-00049-SLG    Document 5    Filed 02/10/26    Page 12 of 20

Here, Plaintiff has not demonstrated when, how, and by whom his news access was restricted and how that resulted in a deprivation of his constitutional rights. Although amendment is likely futile, Plaintiff is accorded leave to amend this claim.[50]

### 3. Copies of Legal Documents and Postage

Plaintiff claims that indigent prisoners are being denied free copies of legal documents and free postage. However, Plaintiff again fails to plead sufficient facts to support his claim. Prisoners have a constitutional right of access to the courts.[51] But to establish a violation of the right of access to the courts, a prisoner must establish that he has suffered an actual injury.[52] An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."[53] The hindered claim must also be "nonfrivolous," as "[d]epriving someone of a frivolous claim . . . deprives him of

---

[50] Rules 18 and 20, Federal Rules of Civil Procedure.

[51] *See Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977), *limited in part on other grounds by Lewis*, 518 U.S. at 354; *Entler v. Gregoire*, 872 F.3d 1031, 1039 (9th Cir. 2017) ("The most fundamental of the constitutional protections that prisoners retain are the First Amendment rights to file prison grievances and to pursue civil rights litigation in the courts, for without those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison injustices.") (citation and internal quotation marks omitted).

[52] *Lewis*, 518 U.S. at 349; *Madrid*, 190 F.3d at 996.

[53] *Lewis*, 518 U.S. at 348 (citation and internal quotation marks omitted).

Case No. 4:25-cv-00049-SLG, *Roberts v. FCC, et al.*
Screening Order
Page 13 of 20
Case 4:25-cv-00049-SLG    Document 5    Filed 02/10/26    Page 13 of 20

nothing at all . . . . "[54] A claim is nonfrivolous in this context if the plaintiff can "show that the 'arguable' nature of the underlying claim is more than hope."[55]

Here, Plaintiff has not demonstrated that he is an indigent prisoner; he has not explained when he was denied free copies of legal documents or forced to pay for legal documents or postage; he has not identified who deprived him of this access; and he has not explained how he suffered an actual injury as a result of a defendant's conduct that restricted his access to the courts. Although amendment is likely futile, the Court grants Plaintiff leave to amend this claim.

## V. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety. While the Court may consider documents attached to the complaint, all necessary information must be included within the body of the amended complaint itself. Although Plaintiff is being given an opportunity to file an amended complaint, an amended complaint must not expand the scope of the case by alleging new unrelated parties or claims. Unrelated claims involving different defendants must be brought in separate lawsuits. Based on the Complaint, it appears that the allegations about housing, TV access, and legal copies and postage are unrelated and must be brought in three separate actions. If any such action proceeds past the screening stage, the Court will enter an order to collect $350 for each such

---

[54] *Lewis,* 518 U.S. at 353 n.3.

[55] *Christopher v. Harbury,* 536 U.S. 403, 416 (2002).

Case No. 4:25-cv-00049-SLG, *Roberts v. FCC, et al.*
Screening Order
Page 14 of 20
Case 4:25-cv-00049-SLG    Document 5    Filed 02/10/26    Page 14 of 20

action from Plaintiff's prisoner trust account.

An amended complaint must contain separately numbered, clearly identified allegations. If handwritten, it must be legible. The amended complaint should identify the specific injury that the plaintiff is alleging was caused by each defendant, when that injury occurred, and where that injury occurred. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, with no paragraph number being repeated anywhere in the amended complaint.[56] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

If Plaintiff files an amended complaint, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether that complaint may proceed to the next stage of litigation. Should the amended complaint proceed beyond the screening stage, the Court will order service of that amended complaint on Defendant. Plaintiff must not attempt to serve a Defendant until the Court so orders.

## VI. The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner

---

[56] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 4:25-cv-00049-SLG, *Roberts v. FCC, et al.*
Screening Order
Page 15 of 20
Case 4:25-cv-00049-SLG     Document 5     Filed 02/10/26     Page 15 of 20

receive a "strike" when a case he has filed in federal court is dismissed "as frivolous, malicious, or fails to state a claim upon which relief may be granted[.]"[57] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[58]

**Plaintiff has already accumulated at least two strikes.**[59] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, he is under imminent danger of serious physical injury, and that danger must fairly traceable to the unlawful conduct of the defendants alleged in the complaint and redressable by the Court.[60] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[61] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[62]

IT IS THEREFORE ORDERED:

---

[57] 28 U.S.C. § 1915(g).

[58] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[59] *See Roberts v. Fairbanks Public Defenders,* Case No. 4:25-cv-00035-SLG, Docket 4 (dismissing case as a strike for failure to state a plausible claim); *Roberts v. Superior Court Judges,* Case No. 4:25-cv-00042-SLG, Docket 4 (dismissing case as a strike for naming defendants who are immune from suit in federal court).

[60] 28 U.S.C. § 1915(g); *see also Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

[61] *Andrews v. Cervantes,* 493 F.3d 1047, 1056 (9th Cir. 2007).

[62] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

Case No. 4:25-cv-00049-SLG, *Roberts v. FCC, et al.*
Screening Order
Page 16 of 20
Case 4:25-cv-00049-SLG   Document 5   Filed 02/10/26   Page 16 of 20

1. Plaintiff's Complaint at **Docket 1 is DISMISSED** for failure to state a claim.

2. Plaintiff is accorded **60 days from the date of this order** to file either:

   a. <u>First Amended Complaint</u>, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

   b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

3. If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form **within 60 days of the date of this order**, this case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff for failure to state a claim.

4. If a case is dismissed for failure to state a claim, it will count as an additional strike against Plaintiff. A Notice of Voluntary Dismissal does not count as a strike.[63]

5. **Plaintiff's application to waive prepayment of the filing fee at Docket 2 is incomplete and is therefore DENIED.**

6. Should Plaintiff elect to proceed with this case, **on or before the date the amended complaint is filed**, he must either pay the filing fee and

---

[63] *Spencer v. Barajas,* 140 F.4th 1061 (9th Cir. 2025).

Case No. 4:25-cv-00049-SLG, *Roberts v. FCC, et al.*
Screening Order
Page 17 of 20
Case 4:25-cv-00049-SLG   Document 5   Filed 02/10/26   Page 17 of 20

administrative fee, a total of $405.00, or file a completed and signed prisoner application to waive prepayment of the filing fee on District of Alaska Form PS10 with an attached statement from Plaintiff's prison trust account for the six months preceding the filing of the application.

7. Federal law only allows the Court to waive a prisoner's *prepayment* of the filing fee. If Plaintiff files an application to waive prepayment of the filing fee that is granted by the Court, the Court will issue a separate order for the collection of the $350 filing fee directly from Plaintiff's prisoner trust account, and Plaintiff will remain obligated to incrementally pay the $350 filing fee until it is paid in full, regardless of the outcome of the action.[64]

8. If Plaintiff is released from custody while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of the filing fee and the administrative fee, a total of $405, or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[65] Failure to comply may result in dismissal of this action.

9. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address,

---

[64] 28 U.S.C. § 1915(b)(1), (2).

[65] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

Case No. 4:25-cv-00049-SLG, *Roberts v. FCC, et al.*
Screening Order
Page 18 of 20
Case 4:25-cv-00049-SLG   Document 5   Filed 02/10/26   Page 18 of 20

and its effective date.⁶⁶ The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

10. All litigants are responsible for keeping copies of everything filed with the Court. As a courtesy, the Clerk's Office will keep original filings from self-represented litigants, including exhibits, for 180 days from the date the document was filed. However, **litigants should not send the Court important original documents or documents that cannot be replaced.**⁶⁷ Copies of documents filed with the Court may be obtained from the Clerk's Office for 50 cents per page.⁶⁸ In the event of special circumstances or serious financial need, a litigant may ask for the copying costs to be waived or reduced, but must do so **prior to** accruing charges.

11. Self-represented litigants must review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.⁶⁹ Failure to do so may result in the imposition of sanctions authorized by

---

⁶⁶ *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

⁶⁷ If an original must be returned, a Motion for Return of Document should be filed as soon as possible.

⁶⁸ Alaska Local Civil Rule 79.2(b). *See also* 28 U.S.C. § 1914, Judicial Conference Schedule of Fees at ¶ 4(a).

⁶⁹ *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3)

Case No. 4:25-cv-00049-SLG, *Roberts v. FCC, et al.*
Screening Order
Page 19 of 20
Case 4:25-cv-00049-SLG   Document 5   Filed 02/10/26   Page 19 of 20

law, including dismissal of the action.

12. With this order, the Clerk is directed to send: (1) Form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) Form PS10, Prisoner's application to waive prepayment of the filing fee; (3) Form PS09, Notice of Voluntary Dismissal; and (4) Form PS23, Notice of Change of Address.

DATED this 10th day of February, 2026, at Anchorage, Alaska.

/s/ Sharon L. Gleason
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

Case No. 4:25-cv-00049-SLG, *Roberts v. FCC, et al.*
Screening Order
Page 20 of 20
Case 4:25-cv-00049-SLG    Document 5    Filed 02/10/26    Page 20 of 20