**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

VINCENT LAWRENCE ROBERTS,

            Plaintiff,

    v.

FAIRBANKS CORRECTIONAL
CENTER and Anchorage Correctional
Complex,

          Defendants.

Case No. 4:25-cv-00049-SLG

## ORDER ON PENDING MOTIONS

On February 10, 2026, the Court screened the Complaint filed in this case by self-represented prisoner Vincent Lawrence Roberts ("Plaintiff") found it deficient, but granted Plaintiff leave to file a First Amended Complaint or a Notice of Voluntary Dismissal within 60 days of the date of the order.[1] On March 3, 2026, Plaintiff filed a civil cover sheet and a Prisoner Application to Waive Prepayment of the Filing Fee on District of Alaska Form PS10 with a copy of Plaintiff's prisoner trust account.[2] On March 13, 2026, Plaintiff filed a motion for court-appointed counsel.[3] To date, Plaintiff has not filed an amended complaint.

---

[1] Docket 5.

[2] Dockets 6-7.

[3] Docket 8.

### I. Plaintiff's Application to Waive Prepayment of the Filing Fee Docket 7 is GRANTED.

Federal law only allows prisoners to waive the *prepayment* of the fees associated with civil lawsuits.[4] Prisoners must pay the $350 filing fee incrementally until paid in full, regardless of the outcome of the lawsuit.[5] Should Plaintiff proceed with this lawsuit, the Court will issue a separate order to collect the filing fee in installments from Plaintiff's prisoner trust account until the $350 is paid in full.

### II. Plaintiff's Motion for Appointment of Counsel at Docket 8 is DENIED.

There is no constitutional right to appointed counsel in a civil action.[6] A federal court "may request an attorney to represent any person unable to afford counsel."[7] However, a district court's decision to request counsel for a self-represented litigant in a civil action is discretionary and granted only in exceptional circumstances,[8] which Plaintiff has failed to establish in this case. Further, although 28 U.S.C. § 1915(e)(1) permits a court to request a volunteer attorney, this Court currently has no list of volunteer attorneys from which it may request counsel to represent Plaintiff.

---

[4] 28 U.S.C. § 1915(a)-(b).

[5] 28 U.S.C. § 1915(b)(1) & (2).

[6] *See Turner v. Rogers*, 564 U.S. 431, 441 (2011) ("[T]he Sixth Amendment does not govern civil cases."); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions.").

[7] 28 U.S.C. § 1915(e)(1).

[8] *Aldabe v. Aldabe,* 616 F.2d 1089, 1093 (9th Cir.1980).

### III. Plaintiff must File a First Amended Complaint or Notice of Voluntary Dismissal within 30 days of the date of this order

Plaintiff's Complaint was dismissed for failure to state a claim. The Screening Order identified numerous deficiencies with the Compliant and accorded leave to file an amended complaint. However, to date, Plaintiff has not filed an amended complaint. Nonetheless, Plaintiff has made some recent filings in this case and therefore, the Court will accord to Plaintiff one final opportunity to file an amended complaint that attempts to remedy the deficiencies the Court previously identified.

### IV. The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous, malicious, or fails to state a claim upon which relief may be granted[.]"[9] As previously noted in the Screening Order, Plaintiff has already accumulated at least two strikes.

**IT IS THEREFORE ORDERED:**

1. Plaintiff is accorded **30 days from the date of this order** to file either:

---

[9] 28 U.S.C. § 1915(g).

Case 4:25-cv-00049-SLG   Document 9   Filed 05/12/26   Page 3 of 5

a. <u>First Amended Complaint</u>, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

2.     If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form **within 30 days of the date of this order**, this case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff for failure to state a claim.

3.     If this case is dismissed for failure to state a claim, it will count as an additional strike against Plaintiff. A Notice of Voluntary Dismissal does not count as a strike.[10]

4.     Plaintiff's application to waive prepayment of the filing fee at **Docket 7 is GRANTED.**

5.     Plaintiff's motion for appointment of counsel at **Docket 8 is DENIED**.

6.     With this order, the Clerk is directed to send to Plaintiff: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; (3) form PS23, Notice of Change of Address; and (4) a copy of the Court's

---

[10] *Spencer v. Barajas,* 140 F.4th 1061 (9th Cir. 2025).

Screening Order at Docket 5.

DATED this 12th day of May, 2026, at Anchorage, Alaska.

_/s/ Sharon L. Gleason_
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE